IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TYRON MARK HOLMES,

                Petitioner

    VS.

STEPHEN ROBERTS, WARDEN, and
JAMES E. DONALD, COMM'R, GDOC,

                Respondents

NO. 5:07-CV-269(HL)

PROCEEDING UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE

## RECOMMENDATION

Petitioner TYRON MARK HOLMES has filed a petition herein seeking federal habeas corpus relief. Tab #1. Respondent STEPHEN ROBERTS,[1] Warden of Washington State Prison, has filed a motion seeking to dismiss this petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Tab #11. Petitioner HOLMES has filed a response to the respondent's motion. Tabs #16.

<u>LEGAL STANDARD</u>

The AEDPA, 28 U.S.C. §2244(d) provides as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*

    *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

    *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

    *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*

---

[1] The undersigned notes that the originally listed respondent warden was Ralph Kemp. Warden Kemp filed a motion to substitute Stephen Roberts as Mr. Roberts is now the petitioner's custodian. Tab #12. The undersigned granted said motion and will therefore treat the instant motion to dismiss as having originated from Stephen Roberts. Tab #15.

> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*
>
> *(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

## DISCUSSION

On April 7, 2003, Petitioner HOLMES pled guilty to violation of Georgia RICO Act, theft by receiving, perjury, and conspiracy to possess marijuana with intent to distribute. Petitioner's conviction became final on May 7, 2003, the date upon which the thirty (30) day period for filing a notice of appeal from his guilty plea expired. One- hundred seventy-seven (177) days later, on October 31, 2003, petitioner HOLMES filed his <u>state</u> habeas corpus petition. The petition was filed in the Superior Court of Wheeler County, Georgia, challenging petitioner's aforementioned guilty plea convictions.

Petitioner's state habeas action concluded on July 28, 2006 when the Georgia Supreme Court denied his motion for reconsideration of his previously denied application for a certificate of probable cause to appeal. Three-hundred-fifty (350) days later, on July 13, 2007, petitioner HOLMES filed the instant <u>federal</u> habeas corpus petition. Thereafter, on September 14, 2007, respondent STEPHEN ROBERTS, Warden of Washington State Prison, filed the instant motion to dismiss arguing that the federal petition was untimely filed. Tab #11.

In his response to the instant motion(Tab #16), petitioner HOLMES first argues that the undersigned should disallow respondents' answer/response and motion to dismiss as untimely filed. He supports this contention by noting that the court's order permitting this case to proceed (Tab #3) provides that responsive pleadings and any motion to dismiss must be filed within sixty (60) days. Tab # 3. According to the petitioner's calculations, responsive pleadings should have been filed on or before September 11, 2007.

The court's order actually required responsive pleadings and any motion to dismiss to be filed within sixty (60) days after *service* of the order. Counsel for the respondents assert that they received the order from the court on July 16, 2007. As the order was dated and mailed July 13, 2007, the court accepts this assertion. Responsive pleadings were therefore due on September 14, 2007. Responsive pleadings and the motion to dismiss were therefore timely filed on the due date.

Petitioner HOLMES next avers that he is entitled to equitable tolling. Equitable tolling is an extraordinary remedy that is appropriate only when a petitioner untimely files due to *extraordinary* circumstances beyond his control which were unavoidable even with diligence. ***Drew v. Dep't of Corr.***, 297 F.3d 1278, 1286 (11th Cir. 2006).

In support of his contention, petitioner HOLMES submitted several letters and requests seeking information about his case addressed to various individuals and entities, as well as the responses he obtained. These documents, however, demonstrate that the petitioner promptly received responses to virtually all of his inquiries. Moreover, the responses to his requests appear to include the documents he sought and/or directions as to how the requested information could be obtained. Furthermore, petitioner's apparent abilities in the area of written correspondence clearly evidence his ability to timely file a petition with the court. As such, the petitioner's argument for equitable tolling is insufficient and is rejected by the undersigned.

In view of the above, the undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case to be persuasive. The time elapsed between the petitioner's conviction becoming final and the filing of the petitioner's state habeas action totals one-hundred-seventy-seven (177) days. The time period between the conclusion of petitioner's state habeas action and the filing of the instant action totals three-hundred-fifty(350) days. The total time elapsed between his conviction becoming final and the filing of the instant petition in which the petitioner's period of limitations was not tolled was five-hundred-twenty-seven (527) days.

It is clear that the petitioner exceeded the one-year period of limitations. Thus, his federal habeas petition is untimely filed. Accordingly, IT IS RECOMMENDED that the instant motion to dismiss be **GRANTED** and that said petition for habeas corpus be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof. The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 2nd day of JULY, 2008



                                        CLAUDE W. HICKS, JR.
                                        UNITED STATES MAGISTRATE JUDGE